FILED

DEC 20 2018

CLERK, U.S. DISTRICT COURT.
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT MIKELL USSERY,<br><br>*Defendant*. | Case No: SA-18-CR-00390(1)-OLG |

## ORDER

On this date, the Court considered Defendant Robert Mikell Ussery's Unopposed Motion for Competency Examination of Defendant (docket no. 62). In the motion, Defendant Robert Mikell Ussery ("Defendant" or "Ussery") requests that this Court order a psychiatric and/or psychological examination to determine his mental competency to stand trial. The record indicates that the United States does not oppose the relief sought by Defendant.

Title 18 U.S.C. § 4241(a) provides that the Court can, on its own motion or at the Defendant's request, order a "hearing to determine the mental competency of the defendant," provided "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The statute further provides that the Court may also order that a psychiatric or psychological examination of the Defendant be conducted, and a resulting report be produced, prior to a hearing on Defendant's competency. *Id.* at § 4241(b).

1

Upon a review of the record, the Court finds that there is sufficient justification for ordering Ussery to undergo a psychiatric and/or psychological examination prior to any competency hearing. Specifically, information in the record indicates that there is reasonable cause to believe that Ussery may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, **IT IS HEREBY ORDERED**:

1. Pursuant to 18 U.S.C. § 4241, a team of mental-health professionals with the Bureau of Prisons (the "Examiners")—to include a licensed or certified psychiatrist—shall at a suitable facility closest to the Court, unless impracticable, conduct a psychiatric examination of Defendant Ussery. This examination should culminate in a report concerning: (1) whether the Defendant is suffering from a mental disease or defect; and, if so, (2) whether such disease or defect renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. The examination will be conducted pursuant to the time provisions set forth in 18 U.S.C. § 4247(b) and, upon completion of the examination, the Examiners will prepare a written report as described in 18 U.S.C. § 4247(c). Following completion of the report, the report shall be filed under seal with the Court, and a copy shall be delivered to counsel for Defendant and the attorney for the Government. Upon completion and filing of these reports with the Court, Defendant shall be returned to the Court for a hearing pursuant to the provisions of law.

3. In formulating any findings and recommendations, the Examiners shall secure pertinent information, including but not limited to prior forensic and psychological evaluations

of the Defendant, as well as the Defendant's criminal and substance-abuse history. Counsel for the United States and counsel for the Defendant may also submit information to the Examiners.

4. No statement made by the Defendant in the course of the examination mandated by this Order, nor testimony by an expert based upon such statement, and no other fruits of the statement may be admitted into evidence against the Defendant in any criminal proceeding except on an issue regarding mental condition on which the Defendant has introduced evidence of incompetency or evidence requiring notice under Federal Rule of Criminal Procedure 12.2(a) or (b)(1). *See* Fed. R. Crim. P. 12.2(c)(4).

5. Delay from the filing of Defendant's motion and continuing through this Court's hearing or other prompt disposition of such motion shall constitute speedy trial excludable time.

It is so **ORDERED**.

**SIGNED** this _10_ day of December, 2018.

ORLANDO L. GARCIA
Chief United States District Judge